Nelson Bunker HUNT, W. Herbert Hunt, and Lamar Hunt, Plaintiffs,

v.

MOBIL OIL CORPORATION, Texaco, Inc., Standard Oil Company of California, The British Petroleum Company, Ltd., The Shell Petroleum Company, Ltd., Exxon Corporation, Gulf Oil Corporation, Occidental Petroleum Corporation, et al., Defendants.

No. 75 Civ. 1160.

United States District Court, S.D. New York.

April 24, 1984.

 

See also 610 F.2d 806, 550 F.2d 68, and 444 F.Supp. 68.

Bruce A. Hecker, Remy Joseph Ferraro, Shea & Gould, New York City, for defendant The British Petroleum Co. Ltd.

A. Randall Friday, Mark A. Brand, Houston, Tex., for defendant Gulf Oil Corp.

Edward F. Howrey, P.C., A. Duncan Whitaker, P.C., Mark D. Wegener, David C. Eddy, Howrey & Simon, Washington, D.C., N.E. Maryan, Jr., New York City, for defendant Mobil Oil Corp.

John R. Hupper, Douglas D. Broadwater, Cravath, Swaine & Moore, Thomas J. Sweeney, III, Davis, Markel, Dwyer & Edwards, Gordon B. Spivack, David H. Marks, Carolyn T. Ellis, Lord, Day & Lord, New York City, Thomas E. Haven, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant Standard Oil Co. of California.

Charles F. Kazlauskas, Jr., Lawrence R. Jerz, Elizabeth P. Smith, White Plains, N.Y., Milton J. Schubin, Randolph S. Sherman, Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Texaco Inc.

Louis Nizer, Robert R. Salman, Janet P. Kane, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Occidental Petroleum Corp.

Robert M. Osgood, Sullivan & Cromwell, Albert P. Lindemann, Jr., Exxon Corporation, New York City, for defendant Exxon Corp.

Jeremiah S. Gutman, Eugene N. Harley, Levy, Gutman, Goldberg & Kaplan, New York City, Philip J. Hirschkop, Lewis H. Goldfarb, Hirschkop & Grad, Alexandria, Va., for plaintiffs.

OPINION

EDWARD WEINFELD, District Judge.

In its ruling entered upon its opinion dated February 15, 1983, this Court, among other matters, held that under an exception to the Federal Anti-Injunction Act, 28 U.S.C. § 2283, it was empowered to enjoin an action commenced by the Hunts in the New York State Supreme Court in order to effectuate any judgment with respect to a pending arbitration.[1] The Court enjoined

---

1. *Hunt v. Mobil Oil Corp.*, 557 F.Supp. 368, 372 (S.D.N.Y.1983). Familiarity is assumed with the

the Hunts "from prosecuting their pending state action" and directed them to "continue with the pending arbitration." In its affirmance the Court of Appeals expressly noted that this Court "correctly found that the stay order comes within one of the exceptions to section 2283 because it was necessary 'to effectuate the judgment' compelling arbitration" and further observed that the Hunts' "contention that the stay was not necessary to effectuate the arbitration order because the state court action would not interfere with the arbitration is meritless."[2]

Seemingly, with such definitive determinations one would have assumed that the arbitration went forward. Instead, thereafter the Hunts commenced two additional state court actions. One was instituted in the New York State Supreme Court against the American Arbitration Association ("AAA") and Grace Petroleum Libya, Inc. The essence of the Hunts' claim is that the AAA violated its fiduciary and other alleged duties properly to administer the arbitration, failed to render an accounting of fees paid to arbitrators for their services, permitted the arbitrators to charge excessive fees, and failed to disclose facts with respect to alleged conflicts of interest and appearances of impropriety by one or more arbitrators.[3]

The Hunts also commenced a state court action in the District of Columbia against Kenneth W. Dam, a former arbitrator. In that action the Hunts allege the charging by Dam of exorbitant fees, double bills, improper charges of expenses, and seek an accounting of all fees received during his services as arbitrator; in addition, they seek information relating to his alleged conflict of interest.

In the first state action, which was enjoined, the principal thrust of the charges was that each of the original three arbitrators, including Dam, had failed to disclose actual or potential conflicts of interest and that the AAA had failed in its supervisory duties and by various conduct had denied the Hunts fundamental fairness in the arbitration proceeding.

The Hunts now seek an order from this Court clarifying its earlier order of February 15, 1983, to the effect that it does not enjoin the Hunts from continuing these subsequently instituted lawsuits. The order entered by this Court is explicit and clear and requires no clarification. The new state actions in substance do not differ from the first New York State action, which was enjoined and found to be interlocutory. However variously phrased, in an effort to avoid the effect of the stay of the first state suit, they parallel the allegations of that action. In effect, the Hunts again are seeking interlocutory review of arbitration related matters that were inherent in and advanced in the first state action which, among other matters, charged the arbitrators with alleged conflicts of interest and appearances of impropriety and the AAA with breach of its duty to oversee the administration of the arbitration.

The current allegations in the latest lawsuits are clearly designed to lay the ground work of an attack upon a final award by the arbitrators in an effort to establish the now oft repeated assertions of the Hunts that the arbitrators by reason of alleged conflicts of interest were disqualified and that the Hunts were deprived of their right

other rulings in this matter, noted by the Court in *Hunt,* 557 F.Supp. 368, 370 n. 1.

2. *Hunt v. Mobil Oil Corp.,* No. 83–7201, slip op. at 4 (2d Cir. Aug. 15, 1983).

3. In the first state action, which was enjoined, the defendants were the major oil companies, Occidental and other independents who were parties to the pending arbitration, and the American Arbitration Association. This second New York action omits all of these parties except the American Arbitration Association, and names, additionally, Grace Petroleum, and is a nondiversity action not subject to removal to this Court. Grace alleges, and it is supported on this motion by documentary proof, that Grace was not in the arbitration because it had settled the Hunts' breach of contract claim against it and had received a general release from the Hunts. The charge against Grace is that it failed to pay its per capita cost of the arbitration and as a result, in part, the continuance of the arbitration is presently in a state of uncertainty.

to fair and impartial judgment of the arbitrators.

 To permit the continuance of the current state actions with the avowed purpose of extensive discovery of facts from Dam, other arbitrators, third parties and the AAA as to the fees and alleged bases for disqualifications would unduly delay and interfere with the pending arbitration. Judicial rulings by those courts with respect to alleged conflicts of interest, excessive and unauthorized fee charges, and the AAA's alleged breach of duty would amount to unwarranted interference with this Court's order directing that the arbitration proceed.

The arbitration should proceed forthwith. Upon the rendition of a final award by the arbitrators, Hunt or any other aggrieved party may raise any claim that the arbitrators acted improperly, were involved in conflicts of interest, or were engaged in any conduct that impairs the validity of the award. Similarly, an alleged impropriety by the AAA that tainted the award may then be raised.[4] With respect to the Hunts' claims as to exorbitant fees, double billing and the like, the Hunts and the other parties entered into a Compensation Stipulation which contained specific amounts to be paid for services and under which the parties to the arbitration were to advance payments to defray the anticipated cost to the AAA subject to final apportionment by the arbitrators in their award. That agreement provides the award shall include an allowance of all fees and expenses, including arbitration compensation incurred in the conduct of the arbitration. The various claims with respect to exorbitant fees and the like may also be determined in an attack upon the final award.[5]

It is beyond cavil that the Hunts' current state actions, however thinly disguised to avoid a plea of collateral estoppel, are not only interlocutory in nature, but if not stayed, as was their prior action, would only further delay this arbitration, already too long delayed, and would serve to interfere with this Court's power to effectuate any judgment that may be warranted under the arbitration.

The plaintiffs' motion for clarification is denied. The defendants' motion to enjoin the Hunts, their agents, employees and attorneys from proceeding with their new state actions and any other interlocutory court or administrative action relating to the arbitration is granted. The parties are directed to continue with the arbitration of the claims arising out of the Libyan Producers Agreement dated January 15, 1971, pending before the American Arbitration Association in accordance with the terms of the agreement and the prior orders of this Court.

So ordered.

---

**4.** 9 U.S.C. §§ 9, 10(a)–(c), 11(a) (1976).

**5.** *Id.* § 10; *Wright-Austin Co. v. International Union,* 422 F.Supp. 1364, 1370–71 (E.D.Mich. 1976).